# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VALERIE BELL,

        Plaintiff,        CASE NO. 15-11104
                                 HON. DENISE PAGE HOOD

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [#22] TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#17] AND TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#21]

This matter is before the Court on a Report and Recommendation (Doc # 22) filed by Magistrate Judge R. Steven Whalen on Plaintiff Valerie Bell's *pro se* Motion for Summary Judgment (Doc # 17), and Defendant Commissioner of Social Security's Motion for Summary Judgment (Doc # 21). To date, no objections were filed to the Report and Recommendation, and the time to file such has passed. The Court ACCEPTS and ADOPTS the Report and Recommendation, DENIES Bell's Motion for Summary Judgment and GRANTS the Commissioner's Motion for Summary Judgment.

1

The background facts of this matter are adequately set forth in the Magistrate Judge's Report and Recommendation, and the Court adopts them here.

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* In order to preserve the right to appeal the magistrate judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

After review of the Magistrate Judge's Report and Recommendation, the Court finds that his findings and conclusions are correct. The Court agrees with the Magistrate Judge that the Administrative Law Judge ("ALJ") was correct in finding that Plaintiff's severe impairments did not meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Doc # 14-2, Pg ID 16-18). The Court also agrees with the Magistrate Judge that the ALJ's formulation of Bell's Residual

Functional Capacity ("RFC")—light work with limitations—sufficiently accounts for Bell's physical and psychological limitations. The RFC is sufficiently supported by substantial evidence as set forth by the Magistrate Judge in the Report and Recommendation, and is within the discretion accorded the administrative fact-finder.

The Court further agrees with the Magistrate Judge that the material submitted subsequent to the ALJ's decision does not provide grounds for remand.

Accordingly,

IT IS ORDERED that Magistrate Judge R. Steven Whalen's Report and Recommendation (Doc # 22) is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendant Commissioner of Social Security's Motion for Summary Judgment (Doc # 21) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Bell's Motion for Summary Judgment (Doc # 17) is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

Dated: September 15, 2017  s/Denise Page Hood
                          Chief, U.S. District Court

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 15, 2017, by electronic and/or ordinary mail.

<span style="text-decoration:underline">s/Julie Owens Acting in the Absence of LaShawn R. Saulsberry</span>
Case Manager